UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:                                      )
                                            )
                                            )
MICHAEL G. GEORGES,                         )
                                            )        Bk. No. 02-13199-CJK
            Debtor.                         )
                                            )
_____)
                                            )
MICHAEL G. GEORGES,                         )
KARA GEORGES HUNTINGTON, and                )
ERIK M. GEORGES,                            )
                                            )
            Plaintiffs,                     )
                                            )
      v.                                    )        A.P. No. 02-1352-JBR
                                            )
                                            )
UNITED STATES OF AMERICA                    )
(INTERNAL REVENUE SERVICE),                 )
ROGER HUGHES, as Settlement Agent,          )
and LYNNE F. RILEY, as Chapter 7            )
Trustee Estate of Michael G. Georges,       )
                                            )
            Defendants.                     )

## STIPULATION OF MUTUAL CONCESSIONS AND
## MOTION FOR ENTRY OF JUDGMENT

Plaintiffs Michael G. Georges, Kara Georges Huntington, and Erik M. Georges

("the Plaintiffs"), and defendants Roger Hughes and the United States of America,

through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS plaintiff Michael G. Georges and his wife Kendra Georges were

alleged trustees of the Georges Realty Trust; and

WHEREAS plaintiffs Kara Georges Huntington and Erik M. Georges were the

alleged beneficiaries of the Georges Realty Trust, except that they allegedly assigned a

10% interest to Michael G. Georges; and

WHEREAS the Georges Realty Trust sold in 1990 real property located at 14 Tracy's Pathe in Marshfield, Massachusetts ("Tracy's Pathe"); and

WHEREAS the Georges Realty Trust sold in 2001 real property located at 56 Weston Farm Path in Marshfield, Massachusetts ("Weston Farm Path"); and

WHEREAS the Georges Realty Trust did not file tax returns nor pay taxes on income from the sales of Tracy's Pathe and Weston Farm Path; and

WHEREAS plaintiff Michael G. Georges's primary residence from 1972 to 1990 was Tracy's Pathe and from 1990 to 2001 was Weston Farm Path; and

WHEREAS defendant Roger Hughes was the settlement agent for the sale of Weston Farm Path; and

WHEREAS defendant Roger Hughes retained in escrow $130,093.80 of the proceeds from the sale of Weston Farm Path ("the Escrowed Funds") pending the resolution of any Internal Revenue Service ("IRS") claim against those proceeds due to notices of federal tax liens filed with respect to Michael G. Georges's outstanding assessed federal tax liabilities for tax years 1987 through 1993; and

WHEREAS Michael G. Georges paid to defendant Roger Hughes an additional $1,000, which is now part of the Escrowed Funds; and

WHEREAS the distributions from the net proceeds from the sale of Weston Farm Path (net of the Escrowed Funds, mortgages, and customary closing costs) included a distribution of $7,200 that the debtor has testified was paid to a landlord in connection with the lease of a new residence; and

WHEREAS the distributions from the net proceeds from the sale of Weston Farm Path included approximately $35,000 to the trustees of the Georges Realty Trust

that was released to the debtor allegedly as a "gift" from his children; and

WHEREAS the plaintiffs brought this adversary proceeding alleging that: (i) Michael G. Georges's outstanding assessed federal income tax liabilities are dischargeable in this bankruptcy; and (ii) the Escrowed Funds are property of and should be turned over to Kara Georges Huntington and Erik M. Georges, except for funds representing Michael G. Georges's 10% interest ; and (iii) the funds representing his 10% interest should be turned over to the IRS; and

WHEREAS Lynne F. Riley, Chapter 7 Trustee, has not appeared or otherwise defended this action; and

WHEREAS the United States of America defended the action, alleging that: (1) Michael G. Georges's outstanding assessed federal income tax liabilities for tax years 1987 through 1993 are not dischargeable in this bankruptcy because Michael G. Georges willfully attempted to evade or defeat those liabilities; (2) the Georges Realty Trust was the nominee and/or alter ego of Michael G. Georges; and (3) the United States's federal tax liens attached to the Escrowed Funds; and

WHEREAS the United States took the alternative position that, if the Georges Realty Trust were deemed to be a valid trust, *i.e.* not a nominee and/or alter ego of Michael G. Georges, the Georges Realty Trust would be liable for unpaid income taxes, and the Internal Revenue Service then made income tax assessments against the Georges Realty Trust and served upon defendant Roger Hughes a notice of levy to collect the Trust's tax liabilities from the Escrowed Funds; and

WHEREAS Roger Hughes then commenced an interpleader action in the District Court (Civil Action No. 04-CV-11635-NG); and

Page 3 of 10

WHEREAS the Georgeses have indicated that their contention in the interpleader action will be that the Georges Realty Trust was a grantor trust under 26 U.S.C. § 674, the income of which is taxable to Michael G. and Kendra Georges under 26 U.S.C. § 671 (who would qualify for exclusions from income of gain from the sale of personal residences), and the United States has indicated it will argue that if the Trust was a grantor trust then the grantors must also be "treated as the owners" (as provided in §§ 671 and 674) for purposes of determining whether their federal tax liens attached to the corpus; and

WHEREAS the United States has filed a MOTION OF THE UNITED STATES OF AMERICA FOR ABANDONMENT OR TO MODIFY STAY IN ORDER TO PERMIT CLAIMS IN DISTRICT COURT INTERPLEADER ACTION, CONSISTENT WITH IRS POSITION IN THE ADVERSARY PROCEEDING ("Motion for Abandonment or to Modify Stay"); and

NOW THEREFORE, the Plaintiffs, defendant the United States of America, and defendant Roger Hughes, hereby agree to the following, in full settlement of all matters in dispute in this case:

1.  Judgment shall be entered in this adversary proceeding determining that the Georges Realty Trust is the alter ego of Michael G. Georges and that the federal tax liens against Michael G. Georges therefore attached to the corpus of Georges Realty Trust. Accordingly, defendant Roger Hughes shall pay to the United States of America, forthwith upon the Court's entry of the judgment, all of the Escrowed Funds, in the amount of $131,093.80, in partial satisfaction of Michael Georges's outstanding assessed federal income tax liabilities for tax years 1987-1993.

2.  Judgment shall also be entered in this adversary proceeding determining that Michael G. Georges's outstanding assessed federal income tax liabilities for tax years 1987 through 1993, 1994, and 1997 are not dischargeable in this bankruptcy (for which purpose the complaint shall be deemed to have been amended to include the 1993, 1994, and 1997 tax years).

3.  Because the Georges Realty Trust will have been adjudicated to be the alter ego of Michael G. Georges, within 14 days of receipt of payment by the United States of America in accordance with paragraph 1 above (following the entry of the judgment), the United States shall abate, without leave to reinstate, the tax assessments against the Georges Realty Trust (and shall not make any other assessments of income taxes against the Georges Realty Trust).

4.  This Adversary Proceeding may then be closed, as no issues remain to be tried in the Bankruptcy Court.

5.  The United States may file a cross-claim against Michael G. Georges in the United States District Court for the District of Massachusetts, docket number 04-CV-11635-NG, to reduce to judgment the unpaid balance of the assessments made against him for his outstanding assessed federal income tax liabilities for tax years 1993, 1994, and 1997, after the application of the payment by Mr. Hughes as provided in paragraph 1 above to the debtor's taxes for the years 1987 through 1992, and then to 1993, 1994, and/or 1997.  It is currently estimated that the combined unpaid

balance of the three years will be approximately $20,757.34.

6.   Michael G. Georges agrees to entry of judgment against him on the United States's cross-claim to be filed in accordance with paragraph 5 above, (in the approximate amount specified), for which purpose this agreement may be attached to an "Unopposed Motion for Judgment" or similar pleading. (Kendra Georges is not a party to this agreement and no consent to judgment by her is included herein.)

7.   Defendant Roger Hughes shall, by this stipulation, and upon the payment required under paragraph 1, be deemed discharged from any liability to the Plaintiffs or the United States relating to the disposition of the Escrowed Funds (and the United States's motion in the interpleader action shall so inform the district court).

8.   The United States shall not bring suit against Kendra Georges to reduce to judgment her liability for the unpaid balance of the assessments made jointly against her and the debtor for their outstanding assessed federal income tax liabilities for tax years 1993, 1994, 1997, and 2002, if, and only if, Michael Georges pays to the United States, in the manner described in paragraph 11 below, no later than March 15, 2005, the unpaid balance of assessed federal income tax liabilities of Michael and Kendra Georges for tax years 1993, 1994, 1997, and 2002 (not included under paragraph 5), currently estimated to total $21,994.06 plus statutory interest accrued and accruing after August 31, 2004.  Payments made pursuant to this paragraph shall not come from property of the bankruptcy estate.

9.    If payment is made as specified in the preceding paragraph, in the total amount of Michael Georges's unpaid balance for tax years 1993, 1994, and 1997, as described in paragraph 5 to be approximately $20,757.34, plus statutory interest accrued and accruing on that amount after August 31, 2004, the United States shall not levy or otherwise seek to collect the funds currently held as a security deposit for Michael G. Georges's current rented domicile located at 24 Water Street, Duxbury, MA 02331.  With the exception of this restriction, the United States shall be free to pursue collection of the district court judgment according to law, both before and after March 15, 2005.

10.   The United States's Motion for Abandonment or to Modify Stay shall be deemed moot, except as follows:  To the extent that the United States collects any other funds traceable directly or indirectly to the proceeds of the sale of the Weston Farm Path property, said proceeds shall be deemed to have been abandoned from the bankruptcy estate.

11.   The payments specified in paragraphs 1 and 8 above shall be made by checks payable to the order of the United States Treasury, and sent to the attention of Attorney Barry E. Reiferson via U.S. Postal Service Express Mail or U.S. Postal Service Certified Mail, and shall be sent to the following address: United States Department of Justice, Tax Division; 555 Fourth Street N.W., Rm. 7804; Washington D.C. 20001 (Mr. Hughes will send his check by Federal Express using a third-party billing account number supplied by Mr. Reiferson).

12. The Plaintiffs shall not bring any administrative claim, or action in any court, to seek a refund, credit, or payment of any kind, with respect to any payments made in accordance with this stipulation.

13. This stipulation and agreement does not address and does not affect in any way any other federal tax liabilities of the debtor (for example, the unsecured priority tax claims of the United States).

14. If the Bankruptcy Court denies the entry of the judgment agreed to herein or otherwise expresses disapproval of any aspect of this resolution of the adversary proceeding and of the United States's Motion for Abandonment or to Modify Stay, this entire agreement shall be void. A proposed judgment is attached to this stipulation. Modifications by the Court to the form of the proposed judgment shall not void this agreement.

15.   Each party is to bear its own costs and fees relating to this matter (and to the

Interpleader action).

_____
Ann Brennan (bbo 237770)
Stephen E. Shamban Law Offices, P.C.
P.O. Box 850973
539 Granite Street
Braintree, MA 02185-0973
(781) 849-1136
Attorney for the Plaintiffs

_____
Roger E. Hughes, Jr. *pro se*
Hughes & Associates
46 Accord Park Drive
Norwell, MA 02061
(781) 681-5100

_____
Barry E. Reiferson
Trial Attorney, Tax Division
Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
(202) 514-6058
Attorney for the United States of America

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing STIPULATION OF MUTUAL CONCESSIONS AND MOTION FOR ENTRY OF JUDGMENT has been made upon the following by depositing a copy in the United States mail, postage prepaid, this _15th_ day of September, 2004:

United States Trustee
O'Neill Federal Office Building
10 Causeway Street
Boston, MA 02222-1043

Lynne Riley, Trustee
Riley & Esher, LLP
69 Thorndike Street
Cambridge, MA 02141

Roger Hughes
Hughes & Associates
46 Accord Park Drive
Norwell, MA 02061

Ann Brennan, Esq.
Stephen E. Shamban Law Offices, P.C.
P.O. Box 850973
222 Forbes Road, Ste. 208
Braintree, MA 02185-0973

BARRY E. REIFERSON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044

Page 10 of 10