UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROGER E. HUGHES, JR., as Settlement Agent, )<br>    )<br>    Plaintiff,    )<br>    )<br>    v.    )<br>    )<br>MICHAEL G. & KENDRA B. GEORGES,    )<br>  Individually and as Trustees of the    )<br>  Georges Realty Trust,    )<br>KARA GEORGES HUNTINGTON,    )<br>ERIK M. GEORGES,    )<br>UNITED STATES OF AMERICA, and    )<br>LYNNE F. RILEY, as Chapter 7 Trustee of    )<br>  the Bankruptcy Estate of Michael G. Georges,  )<br>    )<br>    Defendants.    ) | Civil No. 04cv11635-NG |

**ANSWER AND CROSS-CLAIM**

For its answer, the United States of America, by its undersigned counsel, hereby states as follows:

1. This Court has jurisdiction under 28 U.S.C. § 1331 and/or § 1335 and/or §§ 1340 and 2410.

ANSWER: The United States admits the allegations in paragraph 1.

2. The defendants, Michael G. Georges and Kendra B. Georges reside at 78 Alden Street, Duxbury, Massachusetts 02332, within the jurisdiction of this Court.  In addition, Michael G. Georges maintains an office at 440 Plain Street, Marshfield, Massachusetts 02050, within the jurisdiction of this Court, which, on information and belief, is the office of the Georges Realty Trust.

ANSWER: The United States admits the allegations in paragraph 2.

3. The defendant, Kara Georges Huntington, resides at 78 Alden Street, Duxbury,

Massachusetts 02332, within the jurisdiction of this Court.

ANSWER: The United States admits the allegations in paragraph 3.

4. The defendant, Erik M. Georges, resides at 96 High Street, Strathum, N.H., 03885.

ANSWER: The United States admits the allegations in paragraph 4.

5. The defendant, United States of America, is subject to the jurisdiction of this Court, having waived its sovereign immunity for this action under 28 U.S.C. § 2410. As required by that provision, the name of the taxpayer whose tax liability created the lien is Georges Realty Trust, Michael G & Kendra B. Georges, Trustees, at 440 Plain Street, Marshfield, Massachussets 02050. The plaintiffs does not know whether notice of the tax lien was filed, but defendant has been served with a notice of levy to enforce the lien, as described below.

ANSWER: The United States admits that it is subject to the jurisdiction of this Court, having waived its sovereign immunity for this action under 28 U.S.C. § 2410. The United States admits that a lien arose upon assessment of federal tax liabilities against the Georges Realty Trust, Michael G. and Kendra B. Georges, Trustees. The United States lacks knowledge or information sufficient to form a belief as to the Plaintiff's knowledge of any notice filings.

6. The defendant, Lynne F. Riley, is the Chapter 7 Trustee for the bankruptcy estate of Michael G. Georges, Case No. 02-13199-CJK, pending in the United States Bankruptcy Court for the District of Massachusetts. Ms. Riley maintains an office (through the firm, Riley & Esher) at 69 Thorndike Street, Cambridge, MA 02141, within the jurisdiction of this Court.

ANSWER: The United States admits the allegations in paragraph 6.

7. On July 20, 2001, the plaintiff, doing business as Hughes & Associates, conducted a settlement of the sale of certain real property located generally at 56 Weston Farm Pathe, Marshfield, Massachusetts 02050. The sellers were Michael G. Georges and Kendra B. Georges

as Trustees of the Georges Realty Trust. A copy of the Settlement Statement is attached to this complaint as Exhibit A.

ANSWER: The United States admits the allegations in paragraph 7, but avers that the sellers were acting as the nominees of Michael G. Georges.

      8. In preparing for the closing, the plaintiff determined that, as a result of notices of federal tax lien recorded against "Michael & Kendra Georges," at the address of the subject property being sold, the plaintiff should require proof that the Internal Revenue Service would not claim that its liens attached to the subject property or else should hold in escrow sufficient funds to satisfy the recorded tax liens. Accordingly, line 508 of the Settlement Statement shows $130,093.30 held for "IRS" in case the agency claimed that the lien attached.

ANSWER: The United States admits the allegations in paragraph 8.

      9. On October 26, 2001, Michael G. Georges paid to the plaintiff an additional $1,000 to supplement the escrowed $130,093.30 to cover interest on the recorded tax liens.

ANSWER: The United States admits the allegations in paragraph 9.

      10. On information and belief, on August 27, 2002, Michael G. Georges received a discharge in his bankruptcy case.

ANSWER: The United States admits the allegations in paragraph 10.

      11. On September 26, 2002, Michael G. Georges commenced an adversary proceeding (Adv. No. 02-1352) in his bankruptcy case, naming the Settlement Agent (plaintiff in this action) among the defendants, seeking to compel the Settlement Agent to release the escrowed funds to his children, the defendants, Kara Georges Huntington and Erik M. Georges, as the beneficiaries of the Georges Realty Trust. The bankruptcy case adversary complaint also named the United States and the bankruptcy trustee as defendants. The bankruptcy adversary complaint has since

been amended to add Kara Georges Huntington and Erik M. Georges as additional plaintiffs. (The United States, which has agreed that Settlement Agent may interplead the funds at issue, has insisted that the Bankruptcy Court is not the proper court for this interpleader action because it would lack jurisdiction to adjudicate the priority or validity of the tax levy for the tax liabilities of the Georges Realty Trust, referred to below.)

ANSWER: The United States admits the allegations in paragraph 11.

12. On July 14, 2004, the plaintiff was served with a Notice of Levy for the tax liabilities of the Georges Realty Trust, Michael G. & Kendra B. Georges, Trustees, demanding that the plaintiff turn over to the IRS the escrowed funds representing the remaining proceeds from the sale of the Weston Farm Pathe property by the Georges Realty Trust. A copy of the Notice of Levy is attached as Exhibit B.

ANSWER: The United States admits the allegations in paragraph 12.

13. Since Michael G. Georges and Kendra B. Georges were the trustees of the Georges Realty Trust and the sellers of the property, the plaintiff is concerned that if he complies with the IRS tax levy, they may assert that the he violated some duty owed by him as Settlement Agent to them as trustees.

ANSWER: The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Since Kara Georges Huntington and Erik M. Georges are the beneficiaries of the Georges Realty Trust, and since the trust has expired by its terms, entitling the beneficiaries to the corpus of the trust, the plaintiff is concerned that if he complies with the IRS tax levy, they may assert that the he violated some duty owed by him as Settlement Agent to them as beneficiaries of the Georges Realty Trust.

ANSWER: The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Pursuant to 26 U.S.C. § 6332, if the plaintiff fails to comply with the IRS levy, the United States might assert personal liability against him. (The United States has informed plaintiff that it will not assert such liability if the plaintiff interpleads the funds.)

ANSWER: The United States admits the allegations in paragraph 15.

16. The Chapter 7 Trustee, Lynne F. Riley, has not made a claim for the funds but is named as a defendant herein to the extent she may determine to assert a claim to the funds, since she is named as a defendant in the adversary bankruptcy action commenced by Michael M. Georges (although she has not filed an answer or other pleading in that action).

ANSWER: The United States admits the allegations in paragraph 16, but avers that any claim that the Trustee might have asserted has been waived.

## AFFIRMATIVE DEFENSE

The United States of America is entitled to the interpleaded funds in the full amount of $131,093.80, pursuant to the parties' stipulation and the Judgment in bankruptcy adversary proceeding (*Michael G. Georges, et al. v. United States of America, et al.*) number 02-1352-JBR (USBC D. Mass.). (Judgment attached.)

## CROSS-CLAIM

COMES NOW the defendant and cross-claimant, the United States of America, pursuant to 26 U.S.C. § 7401, at the request of the Chief Counsel, Internal Revenue Service, a delegate of the Secretary of the Treasury, and upon the direction of the Attorney General of the United States of America, and asserts the following claim against Michael G. Georges:

1. This cross-claim has been brought pursuant to Rule 13 of the Federal Rules of Civil Procedure.

2. This Court has jurisdiction over the cross-claim pursuant to 28 U.S.C. Sections 1340 and 1345, and 26 U.S.C. section 7403.

3. A delegate of the Secretary of the Treasury made income tax assessments against Michael G. Georges for the tax years 1993, 1994, and 1997, for which the following amounts, plus interest accruing after June 14, 2004, and any other statutory accruals after June 14, 2004, remain due:

| Type of Tax | Tax Period | Assessment Date | Assessed Amount ($) | Total Amount Due as of June 14, 2004 ($) |
|---|---|---|---|---|
| 1040 | 1993 | 4/17/95 | 7,552.00 | 23,084.79 |
| 1040 | 1994 | 7/03/95 | 5,785.00 | 585.19 |
| 1040 | 1997 | 4/08/02 | 5,930.00 | 15,314.16 |

4. The funds to be received pursuant to Judgment in Bankr. Adv. No. 02-1352 (USBC D. Mass.), will pay, after application to earlier years, some still undetermined part of Michael G. Georges's outstanding assessed federal income tax liability for tax year 1993.

5. On or about the date of each assessment described in paragraph 3, a delegate of the Secretary of the Treasury of the United States of America gave notice of the assessment to, and made a demand for payment upon, defendant Michael G. Georges.

6. Defendant Michael Georges has failed, neglected, or refused to pay in full his federal income tax liabilities for the tax years 1993, 1994, and 1997, and he remains indebted to the United States of America for unpaid assessed federal income taxes for tax years 1993, 1994, and 1997, including interest and penalties, in the amount of $38,984.14, minus any amount paid hereafter to the United States of America in partial payment of the 1993 liability in accordance

with the parties' stipulation and the Judgment in bankruptcy adversary proceeding 02-1352-JBR (D. Mass.), plus interest and other additional amounts that may have accrued after June 14, 2004, and continue to accrue as provided by law.

WHEREFORE, the United States demands judgment in favor of the United States and against the defendant Michael G. Georges in the amount of $38,984, as of June 14, 2004, plus statutory interest and statutory additions as provided by law, minus any amount paid hereafter to the United States of America in partial payment of the 1993 liability in accordance with the parties' stipulation and the Judgment in bankruptcy adversary proceeding 02-1352-JBR (D. Mass.).

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> /s/ Barry E. Reiferson
> BARRY E. REIFERSON
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 55
> Ben Franklin Station
> Washington, D.C.  20044
> Telephone: (202) 514-6058

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the plaintiff, defendant Lynne Riley, Kendra Georges individually and as Trustee of the Georges Realty Trust, and Stephen Shamban Law Offices as counsel for the remaining defendants, by mail on November 9, 2004.

/s Barry E. Reiferson
Barry E. Reiferson