UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br><br>MICHAEL G. GEORGES,<br><br>        Debtor. | )<br>)<br>)<br>)<br>) Bk. No. 02-13199-CJK<br>)<br>) |
| MICHAEL G. GEORGES,<br>KARA GEORGES HUNTINGTON, and<br>ERIK M. GEORGES,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>(INTERNAL REVENUE SERVICE),<br>ROGER HUGHES, as Settlement Agent,<br>and LYNNE F. RILEY, as Chapter 7<br>Trustee Estate of Michael G. Georges,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) A.P. No. 02-1352-JBR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JUDGMENT

The Plaintiffs and defendants United States of America and Roger Hughes as Settlement Agent having stipulated to entry of judgment, it is hereby Ordered and Adjudged as follows:

1. The Georges Realty Trust is the alter ego of Michael G. Georges and the federal tax liens against Michael G. Georges therefore attached to the corpus of Georges Realty Trust.

2. Defendant Roger Hughes shall pay to the United States of America forthwith upon the Court's entry of this Judgment all of the escrowed funds being held by him following the sale of real property located at 56 Weston Farm Path in Marshfield, Massachusetts, in the amount of $131,093.80 (the "Escrowed Funds"), in partial satisfaction of Michael Georges's outstanding assessed federal income tax liabilities for tax years 1987-1993.

3. Michael G. Georges's outstanding assessed federal income tax liabilities for tax years 1987 through 1993, 1994, and 1997, to the extent not satisfied by the foregoing payment of the Escrowed Funds, are excepted from discharge in this bankruptcy under 11 U.S.C. § 532(a)(1)(C) (for which purpose the complaint shall be deemed to have been amended to include the 1993, 1994, and 1997 tax years).

4. The United States's Motion for Abandonment or to Modify Stay shall be deemed moot, except as follows: To the extent that the United States collects any other funds traceable directly or indirectly to the proceeds of the sale of the Weston Farm Path property, said proceeds shall be deemed to have been abandoned from the bankruptcy estate.

5. Each party is to bear its own costs and fees relating to this matter.

6. This Adversary Proceeding is closed, as no issues remain to be tried in the Bankruptcy Court.

7. Nothing herein alters the stipulation of the parties, the remaining terms of which are beyond the scope of this adversary proceeding.

Dated at __Worcester__, Massachusetts, this __2__ day of __Nov__, 2004.

_Joel B. Rosenthal_
HON. JOEL B. ROSENTHAL
U.S. Bankruptcy Court

2